EOD JUN 18 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT
02 JUN 17 PM 5:28
TX EASTERN-BEAUMONT
BY _____

| | | |
|---|---|---|
| MAURICE CLIFTON | § | |
| VS. | § | CIVIL ACTION NO. 1:00cv317 |
| J. KNOX, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Maurice Clifton, an inmate confined in the Federal Correctional Complex at Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, brought this Federal Tort Claim and *Bivens*-type action[1] against J. Knox, R. Matsuda, R. Allen, John Doe, Joe Blow, R. Clark, the Texas Board of Medical Examiners and the University of Texas Medical Branch.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Plaintiff complains of the diagnosis and medical treatment he received following an injury to his left arm, received while playing basketball on May 12, 1998.

Plaintiff exhausted his remedies under the Tort Claims Procedure. Plaintiff's claim was denied by the Regional Counsel

---

[1] *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

and mailed to him on September 10, 1999. However, plaintiff's prisoner administrative remedies were not exhausted. Plaintiff's appeal to the Central Office was rejected and returned to him on December 11, 1998.

## Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), the Supreme Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under Section 1915(d) when it is based on "an indisputably meritless legal theory." *Id.* at 327.

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957). In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993).

## Analysis

*a.   Exhaustion of Administrative Remedies*

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison condition case brought under 42 U.S.C. § 1983. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative remedies must be exhausted regardless of the type of relief which is sought in the lawsuit. *Booth v. Churner*, 532 U.S. 731 (2001).

The Federal Bureau of Prisons, which administers the prison in which plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 5423.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.* The Tort Claims Procedure pursuant to 28 C.F.R. §§ 2675, et seq., is a procedure separate and distinct from the prison remedies provided pursuant to 28 C.F.R. §§ 542.10, et seq.

Plaintiff exhausted his remedies under the Tort Claims Procedure. Plaintiff's claim was denied by the Regional Counsel and mailed to him on September 10, 1999. However, plaintiff's prisoner administrative remedies were not exhausted. Plaintiff's appeal to the Central Office was rejected and returned to him on December 11, 1998. It is noted that the rejection letter specifically stated plaintiff could resubmit his appeal in proper form within 15 days of the date of such notice. Plaintiff failed to resubmit his claims as allowed. Thus, plaintiff did not exhaust available administrative remedies prior to filing this action. Accordingly, the claims should be dismissed without prejudice to allow plaintiff to fully exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a).

b.  *Federal Tort Claims Act Claims*

The Federal Tort Claims Act ("FTCA") constitutes a waiver of the sovereign immunity the United States enjoys from lawsuits based upon a violation of tort law. However, to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant. *Atorie Air, Inc. v. Federal Aviation Administration*, 942 F.2d 954 (5th Cir. 1991).

In this case, plaintiff has named individual defendants and state entities as the defendants, rather than the United States. Accordingly, the court lacks jurisdiction over his claim and his lawsuit should be dismissed. Further, plaintiff's FTCA claim is barred by limitations.

The statute of limitations for a tort claim against the United States provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b)(1994). "[T]his statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)). "It is well-settled that these limitation periods are jurisdictional." *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998).

Here, plaintiff's claim was denied by the Regional Counsel and mailed to him on September 10, 1999. However, plaintiff did not file this action until May 15, 2000, more than eight months after the denial was mailed. Accordingly, plaintiff's claims brought pursuant to the Federal Tort Claims Act are time-barred.

    c.    *Supplemental Jurisdiction*

Plaintiff asserts he also wants to invoke the supplemental jurisdiction of this court. In accordance with 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.

### Recommendation

Plaintiff's complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

## Recommendation

The above-styled action should be dismissed for the reasons set forth above. Accordingly, the exercise of supplemental jurisdiction over the state law claim should be declined pursuant to 28 U.S.C § 1367(c).

## Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED** this 17th day of June, 2002.

*/s/ Wendell C. Radford/*
WENDELL C. RADFORD
UNITED STATES MAGISTRATE JUDGE